IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CURTIS LEE SHEPPARD, JR.,** § | |
| **TDCJ No. 01656666,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00152-O-BP |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Curtis Lee Sheppard, Jr. pursuant to 28 U.S.C. § 2254. ECF No. 1. Sheppard challenges the validity of his conviction for possession of a controlled substance. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS WITHOUT PREJUDICE the Petition for Writ of Habeas Corpus (ECF No. 1) as successive.

Petitioner is an inmate confined in the Mark W. Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges the validity of his Wichita County conviction for possession of a controlled substance, Cause No. 48,429-B. ECF No. 1 at 2. This is a Petition for Writ of Habeas Corpus that appears to be successive because it challenges the same conviction Petitioner has challenged in the past. *See Sheppard v. Stephens*, No. 7:15-cv-00013-O (N.D. Tex. 2015) (denying Petitioner's habeas petition without prejudice as successive) *certificate of appealability dismissed*,

No. 15-10457 (5th Cir. 2016); *Sheppard v. Stephens*, No. 7:12-cv-00061 (N.D. Tex. 2012) *certificate of appealability dismissed*, No. 15-10827 (5th Cir. 2016); *Sheppard v. Stephens*, No. 7:13-cv-00142-O (N.D. Tex. 2013) (denying Petitioner's habeas petition without prejudice as successive).

Petitioner concedes the that instant Petition "challenge[s] the same conviction [in] *Sheppard v. Stephens*, No. 13-11276," but that he was instructed by the Fifth Circuit to amend his Petition following the dismissal of his second and third habeas petitions. ECF No. 1 at 9. Petitioner filed a motion to amend his habeas petition, which the Fifth Circuit construed as a motion for reconsideration and denied the motion on June 26, 2014. *Sheppard v. Stephens*, No. 7:13-cv-00017 (N.D. Tex. 2012) *certificate of appealability dismissed*, Nos. 13-11276 (5th Cir. 2014); *Sheppard v. Stephens*, No. 7:13-cv-00126 (N.D. Tex. 2012) *certificate of appealability dismissed*, Nos. 13-11277 (5th Cir. 2014). Since denying that motion, the Fifth Circuit has warned Petitioner that continued filing of frivolous, repetitive, or otherwise abusive challenges to his conviction may yield sanctions including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in any court subject to the Fifth Circuit's jurisdiction. *See Sheppard v. Stephens*, No. 7:15-cv-00013-O (N.D. Tex. 2015) *certificate of appealability dismissed*, No. 15-10457 (5th Cir. 2016); *Sheppard v. Stephens*, No. 7:12-cv-000061 (N.D. Tex. 2012) *certificate of appealability dismissed*, No. 15-10827 (5th Cir. 2016).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise

constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing the Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file the instant petition for habeas relief challenging his underlying criminal conviction. Petitioner's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted).

3

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may opt to transfer a successive habeas petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Petitioner's current Petition for Writ of Habeas Corpus is a successive habeas application concerning the validity of his conviction, and thus dismissal without prejudice is appropriate. *Compare United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (holding that petitioner's history of filing successive habeas petitions warranted "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance."), *with Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *report and recommendation adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (May 2, 2017) (holding that transfer was appropriate when there was not a history of filing successive habeas petitions aimed at the same issue). Because Petitioner has a history of filing successive habeas petitions, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed October 30, 2017.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE